IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ODELL GENE GOLDEN,           )
                             )
        Plaintiff,            )
                             )
    v.                       )    1:14CV706
                             )
CITY OF GRAHAM COUNTY, NORTH )
CAROLINA,                    )
                             )
        Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Odell Gene Golden, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names several police officers, a social services worker, the City of Graham, North Carolina, and Alamance County, North Carolina, as defendants in the case. He alleges that, on October 1, 2011, the officers used the social services worker to access his residence before illegally searching his residence, seizing his property, and arresting him. He seeks to hold all of the Defendants liable for these acts.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff is blatantly attempting to undermine his conviction in this Court for possession of a firearm by a felon in case 1:12CR26-1. The search he challenges led directly to his arrest and conviction in this Court. As he states at one point in his Complaint, "[m]y constitutional rights were violated in-order [sic] to arrest, convict, and imprison me. This is in regard to my criminal case in Federal Court." (Docket Entry 2, § III(C).) The Court informed Plaintiff in relation to a previous filing that he may not raise claims attacking his conviction without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Nevertheless, Plaintiff persists in raising this claim despite the fact that his conviction remains valid at this time. His Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $6.33. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $6.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 21st day of August, 2014.

          /s/ L. Patrick Auld
          **L. Patrick Auld**
          **United States Magistrate Judge**