IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ODELL GENE GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV706 |
| | ) | |
| CITY OF GRAHAM COUNTY, NORTH CAROLINA, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Odell Gene Golden, is a federal prisoner convicted in this Court in case 1:12CR26-1 of possession of a firearm following a felony conviction and subsequently sentenced to 192 months of imprisonment as reflected in a judgment entered on October 21, 2012. During that case, Plaintiff litigated and lost a suppression motion (1:12CR26-1, Docket Entry 10) alleging that officers improperly searched his residence and requesting that the trial judge suppress any evidence obtained from that search, including the firearm in question in the case. Plaintiff then entered a conditional plea of guilty that allowed him to appeal the denial of his suppression motion. He later did so, but the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Golden, 530 F. App'x 261 (4th Cir. 2013). Plaintiff then filed a Motion (1:12CR26-1, Docket Entry 46) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. While the § 2255 Motion remained pending,

Plaintiff filed the instant action by submitting a pro se complaint under 42 U.S.C. § 1983 and requesting permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).

In Plaintiff's Complaint, he named several police officers, a social services worker, the City of Graham, North Carolina, and Alamance County, North Carolina, as defendants in the case. He alleged that, on October 1, 2011, the officers used the social services worker to access his residence before illegally searching his residence, seizing his property, and arresting him. He sought to hold all of the Defendants liable for these acts.

Because Plaintiff was "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," as described in 28 U.S.C. § 1915A(a), the Court reviewed the matter under 28 U.S.C. § 1915A(b), which states that "the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Following review, the undersigned recommended dismissal because:

> Plaintiff is blatantly attempting to undermine his conviction in this Court for possession of a firearm by a felon in case 1:12CR26-1. The search he challenges led directly to his arrest and conviction in this Court. As he states at one point in his Complaint, "[m]y constitutional rights were violated in-order [sic] to arrest, convict, and imprison me. This is in regard to my criminal case in Federal Court." (Docket Entry 2, § III(C).) The Court informed Plaintiff in relation to a previous filing that he may not raise claims attacking his conviction without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Nevertheless, Plaintiff persists in raising this claim despite the fact that his conviction remains valid at this time. His Complaint should be dismissed.

(Docket Entry 3.) After the filing of Objections (Docket Entry 5) by Plaintiff and various other filings by the parties, the undersigned entered Orders withdrawing the Recommendation and staying the matter in light of the then-pending § 2255 Motion and Wallace v. Kato, 549 U.S. 384, 392-94 (2007). (See Text Orders Entered December 11, 2014.)[1] The case remains stayed at the present time. However, Plaintiff's § 2255 Motion recently concluded when the United States District Judge handling that Motion entered an Order and Judgment (1:12CR26-1, Docket Entry 84) adopting a Recommendation (1:12CR26-1, Docket Entry 78) by the undersigned that the Motion be denied. The time for filing a direct appeal of the denial then ran without Petitioner filing any appeal. Given this, the § 2255 no longer remains pending, there is no reason to continue the stay of the present action under § 1983, and the Court will lift the stay.

Having reviewed the record in the case in light of the denial of Petitioner's § 2255 Motion, it is clear that the reasoning of the original Recommendation remains intact given the finality of Plaintiff's criminal conviction. There presently remains nothing more for the parties to do in the case and the Court will reinstate the prior Recommendation that Plaintiff's § 1983 action be dismissed primarily under Heck. Additionally, the Court takes note of Plaintiff's later filings and supplements in which he continues to challenge events already fully litigated and decided against him in the suppression hearing in the criminal case and on direct appeal in that case. Plaintiff cannot now relitigate them in the present action. This

---

[1] The Text Orders did not withdraw the Court's prior Order regarding Plaintiff's request to proceed *in forma pauperis* and any required payments toward the filing fee in the case. The payment requirements previously established remain in place and the Court notes that Plaintiff's custodians continue to deduct payments from his prison account.

encompasses the great majority of Plaintiff's filings and allegations in those filings. Plaintiff also alleges in his Complaint that "Officers" "did not read [him his] Miranda rights or inform [him] that [he] was under arrest." (Docket Entry 2, § V.) Plaintiff provides no further details or allegations, but this is an apparent reference to the reading of rights required by Miranda v. Arizona, 384 U.S. 436 (1966). He repeats this at other points in his filings. Even if true, Plaintiff's bare allegation fails to state any viable claim for relief. There is no requirement that Miranda rights be read prior to an arrest, only prior to a custodial interrogation. Also, custodial statements obtained without the rights having been communicated and waived must be used against Plaintiff in a criminal prosecution before a constitutional violation occurs. See Burrell v. Virginia, 395 F.3d 508, 513 (4th Cir. 2005) (no constitutional violation where allegedly coerced statements were not used in a criminal prosecution); Stoot v. City of Everett, 582 F.3d 910, 923 (9th Cir. 2009) (coerced statement must be used in a criminal proceeding in some manner before a constitutional violation occurs); Renda v. King, 347 F.3d 550, 558 (3d Cir. 2003) (custodial questioning without a Miranda warning not a violation unless the statements produced are used at trial). Plaintiff does make any allegation regarding statements, and only claims incorrectly that the failure to read him his rights invalidated his arrest. Any claim related to his Miranda rights should be dismissed for this additional reason.

      IT IS THEREFORE ORDERED that the stay previously entered in light of Plaintiff's Motion under § 2255 is lifted and that the prior Recommendation (Docket Entry 3) of dismissal is reinstated.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as explained in the prior Recommendation and for the additional reasons set out above.

This, the 4th day of September, 2014.

                                            /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                                 **United States Magistrate Judge**